42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yonathan KAHSSAI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-71027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 14, 1994.
 
 1
 Before: WRIGHT, BEEZER, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Yonathan Kahssai petitions for review of the ruling of the Board of Immigration Appeals which affirmed the Immigration Judge's denial of his application for asylum. The BIA agreed with the IJ's finding that Kahssai had not presented sufficient evidence of either past persecution or a well-founded fear of future persecution. We deny the petition.
 
 DISCUSSION
 
 4
 1. Kahssai incorrectly asserts that the BIA took administrative notice of the change in government in Ethiopia since his departure. In fact, the BIA did rely on evidence in the record that the Mengistu government had fallen but declined to take administrative notice of further changes and found that the record was sufficient to support a holding that Kahssai was ineligible for asylum. Accordingly, there is no need to determine whether the BIA would have erred had it taken administrative notice of Ethiopia's change in government.
 
 
 5
 2. Kahssai argues that the BIA erred in finding that he was not eligible for withholding of deportation or for asylum. To obtain withholding of deportation, an alien must show that his "life or freedom would be threatened" on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h)(1). To make this showing, he must establish a "clear probability" of persecution. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987).
 
 
 6
 Under Section 208(a) of the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to an alien qualifying as a "refugee." 8 U.S.C. Sec. 1158(a). A refugee is a person who is unable to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). The statutory test for asylum eligibility is less stringent than that for withholding of deportation. The alien need only show " 'that persecution is a reasonable possibility.' " Cardoza-Fonseca, 480 U.S. at 440, 107 S.Ct. at 1217 (citation omitted). That has both a subjective and an objective component. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987). Although Kahssai was found to have a subjective fear of persecution, the BIA found that he did not have the required objective fear of persecution.
 
 
 7
 The fact that members of Kahssai's family were persecuted (and some even killed) by the Ethiopian government over twenty years ago does not automatically mean that Kahssai himself suffered persecution or has a well-founded fear of persecution. See Estradas-Posadas v. INS, 924 F.2d 916, 918-20 (9th Cir.1991); see also Echeverria-Hernandez v. INS, 923 F.2d 688, 691, vacated on other grounds, 946 F.2d 1481 (9th Cir.1991); cf. Ramirez Rivas v. INS, 899 F.2d 864, 868-72 (9th Cir.1990), vacated on other grounds, --- U.S. ----, 112 S.Ct. 858, 116 L.Ed.2d 766 (1992). Nor is Kahssai's general fear of the new regime enough to establish a well-founded fear. See Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991). The fact is that the evidence in this case did not require a finding that there was a reasonable possibility that Kahssai would be persecuted. Indeed, over the many years that followed his family's troubles he has not been persecuted and he has been able to travel to and from Ethiopia without any particular difficulty.
 
 
 8
 In short, although Kahssai submitted some evidence that could tend to establish a well-founded fear of persecution, he did not make a showing that would compel a reasonable factfinder to reach that conclusion. Thus, the BIA's finding was supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, ----, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). Because Kahssai did not meet the lesser burden of asylum eligibility, he could not meet the more stringent withholding test either.
 
 
 9
 3. Kahssai argues that the BIA's decision did not state with particularity the reasons for its denial of Kahssai's application for asylum. See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991) (holding that BIA decision "must state with sufficient particularity and clarity the reasons for denial of asylum"). However, the BIA's ruling expressly set out the reasons for denying Kahssai's petition. The BIA did give Kahssai an individualized review.
 
 
 10
 DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3